Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| RCMDO ARQUITECTOS, CSP<br><br>Recurrente<br><br>v.<br><br>MUNICIPIO DE CULEBRA; JUNTA DE SUBASTAS DEL MUNICIPIO DE CULEBRA<br><br>Recurridos | KLRA202300627 | Revisión Judicial procedente de la Junta de Subastas del Municipio de Culebra<br><br>Núm: 2022-2023-10<br><br>Sobre: Impugnación de Adjudicación de Solicitud de Propuestas |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Marrero Guerrero

Pagán Ocasio, juez ponente

## SENTENCIA

En San Juan, Puerto Rico, a 22 de diciembre de 2023.

## I.

El 7 de diciembre de 2023, RCMdO Arquitectos, CSP (RCMDO o parte recurrente) presentó un *Recurso de impugnación de subasta* en el que nos solicitó que revoquemos un *Notice of Award* emitido por la Junta de Subastas del Municipio de Culebra (Municipio de Culebra o parte recurrida) el 22 de noviembre de 2023 y notificado vía correo electrónico el 27 de noviembre de 2023 y por correo certificado el 28 de noviembre de 2023.[1] En la determinación recurrida, el Municipio de Culebra adjudicó una *Solicitud de propuestas* sobre los servicios de arquitectura e ingeniería para la construcción de un proyecto de vivienda en el Municipio de Culebra a la compañía Marvel Architects, Landscape Architects, LLC (Marvel Architects).

---

[1] Apéndice del *Recurso de impugnación de subasta,* Anejo 8, págs. 165-172.

Número Identificador
SEN2023_____

El 12 de diciembre de 2023, emitimos una *Resolución* en la que le concedimos a la parte recurrida hasta el 8 de enero de 2024 para presentar su alegato en oposición.

El 13 de diciembre de 2023, RCMDO radicó una *Moción informativa sobre recurso presentado* en la que informó que Eco, PSC (Eco) presentó un recurso de impugnación de subasta sobre la misma determinación del Municipio de Culebra, el cual recibió el alfanumérico KLRA202300632. Por ello, solicitó que tomáramos conocimiento del hecho y ordenáramos la consolidación de ambos casos por tratarse de la misma subasta, controversia y partes.

El 14 de diciembre de 2023, el Municipio de Culebra presentó una *Comparecencia especial en representación del Municipio de Culebra y su Junta de Subastas* en la que solicitó que desestimemos el recurso por falta de jurisdicción. Asimismo, reconoció que la notificación de la adjudicación de la subasta fue defectuosa, pues no incluyó la fecha de archivo en autos de copia de la notificación y a partir de qué fecha comenzaría a transcurrir el término para recurrir ante este tribunal. Informó que la Junta de Subastas estaría expidiendo una nueva notificación conforme a derecho, solicitó que se consolide el caso con el KLRA202300632, y esbozó que, en vista de lo anterior, no era necesario radicar un escrito discutiendo los errores alegados por la parte recurrente, toda vez que no tenemos jurisdicción para atender el recurso.

Contando con la comparecencia de las partes, procedemos a resumir las incidencias procesales atinentes al *Recurso de impugnación de subasta.*

**II.**

El caso de marras tiene su génesis el 19 de diciembre de 2022, cuando el Municipio de Culebra emitió una *Solicitud de Propuestas* – en inglés, Request For Proposals (RFP) – para los servicios de

arquitectura e ingeniería para la construcción de un proyecto de viviendas en Culebra, la cual recibió el número 2022-2023-10.[2]

Luego de recibir las propuestas de ocho (8) compañías licitadoras, el 22 de noviembre de 2023, el Municipio de Culebra emitió el *Notice of Award* recurrido en el que adjudicó la subasta a Marvel Architects.[3] Según la determinación, solo las propuestas de dos compañías satisfacían los requisitos mandatorios del proyecto, la de RCMDO y la de Eco, pero, ejerciendo su poder de discreción, adjudicó la subasta a Marvel Architects, basando su decisión en las referencias favorables recibidas sobre la compañía, los proyectos similares realizados por ella y la explicación provista de su propuesta. Ahora bien, el *Notice of Award* no incluyó la fecha de archivo en auto de la copia de la notificación, ni de cuándo comenzarían a transcurrir los términos para impugnar la determinación.

Inconforme, el 7 de diciembre de 2023, RCMDO radicó el recurso de epígrafe y realizó el siguiente señalamiento de error:

> ERRÓ EL MUNICIPIO DE CULEBRA AL ADJUDICAR LA BUENA PRO DE LA SOLICITUD DE PROPUESTAS 2022-2023-10 A UN LICITADOR DESCALIFICADO POR INCUMPLIMIENTO CON LOS REQUISITOS MANDATORIOS IMPUESTOS POR EL PROPIO MUNICIPIO.

En apoyo de su contención, argumentó que la adjudicación era nula e ilegal, puesto que la actuación del Municipio de Culebra fue arbitraria y contraria a sus propios actos y los términos de la *Solicitud de propuestas*. En contraste, adujo que RCMDO fue el único licitador que cumplió con todos los requisitos de la subasta y, por ello, solicitó que le adjudicáramos el proyecto a su favor.

El 14 de diciembre de 2023, el Municipio de Culebra radicó una *Comparecencia especial en representación del Municipio de Culebra y su Junta de Subastas* en la que solicitó que se desestime

---

[2] Íd., Anejo 1, págs. 1-63.
[3] Notificada por correo electrónico el 27 de noviembre de 2023 y por correo certificado el 28 de noviembre de 2023. Íd., Anejo 8, págs. 165-172.

el recurso por falta de jurisdicción, toda vez que la Junta de Subastas no notificó correctamente la adjudicación. Según planteó, la notificación no incluyó fecha de archivo en auto de copia de la notificación ni la fecha en que comenzarían a transcurrir los términos para recurrir de la determinación, por lo cual carecemos de jurisdicción para atender el recurso.

Considerando lo anterior, procedemos a reseñar el derecho relevante a la controversia, el cual sustenta nuestra determinación.

**III.**

La jurisdicción ha sido definida como "el poder o autoridad de un tribunal para considerar y decidir casos y controversias". *Shell v. Srio. Hacienda,* 187 DPR 109, 122 (2012). Reiteradamente, nuestro Tribunal Supremo ha expresado que los tribunales tienen siempre la obligación de ser celosos guardianes de su propia jurisdicción, toda vez que sin jurisdicción no están autorizados a entrar a resolver los méritos de un recurso. Íd., págs. 122-123. En consecuencia, los asuntos de jurisdicción son materia privilegiada y deben ser resueltos con preferencia. *Fuentes Bonilla v. ELA,* 200 DPR 364, 372 (2018). Así, cuando un tribunal no tiene autoridad para atender el recurso, solo tiene jurisdicción para así declararlo y desestimar el caso sin entrar en los méritos de la controversia. *Mun. de San Sebastián v. QMC Telecom,* 190 DPR 652, 660 (2014).

De ordinario, la falta de jurisdicción posee las siguientes características: (1) no es susceptible de ser subsanada; (2) las partes no pueden conferírsela voluntariamente al tribunal, ni este puede arrogársela; (3) conlleva la nulidad de cualquier dictamen emitido; (4) impone a los tribunales el deber obligatorio de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro inferior; y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de partes o por el

propio tribunal. ***González v. Mayagüez Resort & Casino,*** 176 DPR 848, 855 (2009).

A tenor con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83, nos autoriza a desestimar un recurso por falta de jurisdicción.

## IV.

El Código Municipal de Puerto Rico, Ley Núm. 107 de 2020, según enmendada, 21 LPRA secs. 7001 *et seq.*, estableció el andamiaje sistemático de la gobernanza de los municipios de nuestra jurisdicción. Entre sus disposiciones, el Artículo 1.050 del Código Municipal, 21 LPRA sec. 7081, delimitó la competencia del Tribunal de Primera Instancia y el Tribunal de Apelaciones en la revisión de las actuaciones de los municipios. En específico, respecto a las determinaciones de la Junta de Subasta de un municipio, el Artículo 1.050 del Código Municipal, *supra,* prescribe:

> El Tribunal de Apelaciones revisará, el acuerdo final o adjudicación de la Junta de Subastas, el cual se **notificará por escrito** y **mediante copia por correo escrito regular y certificado a la(s) parte(s) afectada(s)**. La solicitud de revisión se instará dentro del término jurisdiccional de diez (10) días contados **desde el depósito en el correo de la copia de la notificación del acuerdo final o adjudicación**. **La notificación deberá incluir** el derecho de la(s) parte(s) afectada(s) de acudir ante el Tribunal de Circuito de Apelaciones para la revisión judicial; término para apelar la decisión; **fecha de archivo en auto de la copia de la notificación y a partir de qué fecha comenzará a transcurrir el término.** La competencia territorial será del circuito regional correspondiente a la región judicial a la que pertenece el municipio. (Énfasis nuestro).

## V.

Tras un análisis objetivo, sereno y cuidadoso del expediente y del *Notice of Award* recurrido, resulta evidente que carecemos de jurisdicción para intervenir en esta etapa de los procedimientos. Según se desprende palmariamente del documento, no se incluyó la fecha de archivo en auto de la copia de la notificación ni la fecha en la que comenzaría el término para solicitar su revisión. Esto constituye un incumplimiento craso con los requisitos de la

notificación impuestos por el Artículo 1.050 del Código Municipal, *supra.* Por consiguiente, estamos ante una determinación cuya notificación es deficiente, lo cual nos priva de asumir jurisdicción sobre el asunto. En vista de ello, corresponde desestimar el recurso de epígrafe.

**VI.**

Por todo lo anterior, se *desestima* el *Recurso de impugnación de subasta* por falta de jurisdicción.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

El Juez Sánchez Ramos está conforme porque, aunque ordinariamente la notificación defectuosa de un dictamen administrativo no impide que revisemos el mismo cuando no ha mediado incuria, en este caso particular, estoy conforme con la determinación de desestimar el recurso de referencia, ello a raíz de (i) lo actuado por el panel que atendió el otro recurso de revisión judicial y (ii) el interés del Municipio de emitir una nueva notificación de su determinación.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones